CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
APR 0 9 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 4:08cr00001 |
| **SHIRLAND L. FITZGERALD,** | ) |
| | ) |
| Defendant. | ) By: Michael F. Urbanski |
| | ) United States Magistrate Judge |

## ORDER

This matter is before the court on the Government's Objections to Requests for Subpoenas Duces Tecum and Motion to Quash (Docket #397). A hearing was held on April 9, 2009, at which time the Government argued that Defendant Shirland L. Fitzgerald ("Fitzgerald") has failed to show why the documents requested in his Motions for Subpoenas (Docket #383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 398) are relevant, admissible or why they otherwise may be obtained under Federal Rule of Criminal Procedure 17(c). The Government further claimed that as the trial date is scheduled to begin in less than one month and the discovery deadline has been extended previously, Fitzgerald's Motions for Subpoenas simply come too late. For his part, Fitzgerald argued that the requested documents are necessary for his defense at trial and would not be burdensome to produce, and he claimed that he only recently learned of the necessity of such documents due to the voluminous records produced by the Government in discovery.

For good cause having been shown, and for the reasons stated on the record in open court, the Government's Motion to Quash (Docket #397) is **GRANTED in part** and **DENIED in part** as follows:

1. The Motion to Quash is **DENIED** as to the Motion for Subpoena directed to Betty C. Penick (Docket #383), as the Government has withdrawn its objection to this subpoena. Betty C. Penick is directed to produce the requested documents showing access to a bank safe deposit box on or before **Tuesday, April 14, 2009**.

2. The Motion to Quash is **DENIED** as to the Motion for Subpoena directed to Custodian of Records at the Department of Motor Vehicles (Docket #398) seeking the Certificate of Title for a 2000 GMC Denali Yukon and any documents releasing the lien on this vehicle. The DMV Custodian of Records is directed to produce the requested records on this one vehicle on or before **Tuesday, April 14, 2009**.

3. As to the Motion for Subpoena directed to Custodian of Records for dealership inspections of Fitzgerald's car dealership by the Department of Motor Vehicles (Docket #384), the parties are **DIRECTED** to inform the court **within three (3) days** whether they have been able to come to an agreement as to this Motion for Subpoena.

4. The Motion to Quash is **GRANTED** as to the remaining Motions for Subpoenas for records from the eleven other car dealers in Danville (Docket #385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395), as Fitzgerald has not demonstrated that the records are relevant to his defense. In particular, Fitzgerald fails to clear the relevancy, admissibility and specificity hurdles needed for the issuance of a Rule 17(c) subpoena. See United States v. Nixon, 418 U.S. 683, 699 (1974); United States v. Beckford, 964 F. Supp. 1010, 1021-22, 1031 (E.D. Va. 1997). Further, defendant could not articulate any meaningful factual basis for the issuance of this wide swath of car dealer subpoenas. As such, these subpoenas are an unwarranted fishing expedition. Finally, these eleven

subpoenas come far too late in this case, several months after the court's last discovery disclosure deadline and less than a month before trial.

It is **SO ORDERED**.

The Clerk of the Court hereby is directed to send a copy of this Order to all counsel of record.

Enter this 9 day of April, 2009.

Michael F. Urbanski
United States Magistrate Judge