CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
DEC 09 2020
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case No. 4:08-CR-0001 |
| v. | ) |
| | ) |
| **SHIRLAND L. FITZGERALD,** | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

**MEMORANDUM OPINION**

This matter is before the court on defendant Shirland L. Fitzgerald's motion for early termination of supervised release. ECF No. 611. For the reasons stated below, the court **DENIES without prejudice** Fitzgerald's motion.

On May 12, 2009, a jury found Fitzgerald guilty of six counts of money laundering, all in violation of 18 U.S.C. § 1956. ECF Nos. 192, 473. He was sentenced to six 140-month concurrent terms of imprisonment to be followed by a 3-year term of supervised release. ECF No. 504. On October 1, 2019, Fitzgerald was released from custody and began serving his three-year term of supervised release. At Fitzgerald's request, his case was transferred to the Middle District of North Carolina on January 9, 2020.

Fitzgerald has completed a little more than 1 year of his 3-year term of supervised release. While on supervision, he has been employed, committed no violations and has complied with all directives.

The court sought input from Fitzgerald's United States Probation Officer. The officer informed the court via email that Fitzgerald has not had any issues while on supervised release. Nevertheless, based on Fitzgerald's criminal history of being heavily involved in an extensive

1

money laundering scheme that allowed drug dealers to purchase cars, boats, and motorcycles, and the fact that during the trial Fitzgerald attempted to commit perjury and suborn perjury, the probation officer recommended that Fitzgerald serve at least half of his term of supervised release.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge

have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases).

Turning to the § 3553(a) factors, the court finds that the nature and circumstances of the offense and the history and characteristics of the defendant weigh against early termination of supervision. Fitzgerald, who owned and operated a used car dealership, had a lead role in a sophisticated money laundering scheme and was held accountable for more passing more than $1,065,570.59 in proceeds from a large drug dealing enterprise through his dealership. PSR ¶¶ 18-46, ECF No. 548 at 9-19. In addition, evidence showed that Fitzgerald and some of the other defendants discussed having several defendants tell the same story regarding purchase of some of the vehicles and three of the defendants lied before the grand jury in an attempt to disguise the source of the funds that were used to purchase the vehicles. PSR ¶¶ 48-49, ECF No. 548 at 19. Although that conduct occurred a long time ago, it underscores the serious nature of Fitzgerald's offense.

Looking at the second § 3553(a) factor, the court finds that while Fitzgerald does not appear to present any threat of committing further crimes, adhering to the rules that are part of his supervised release for longer than 14 months will provide him continuing structure as he transitions to life outside of prison. Regarding the range of supervised release terms for the category of offense committed by Fitzgerald, the three-year term imposed by the court is the maximum term provided by the statute. 18 U.S.C. § 3583(b)(2). It is reasonable and

appropriate to require Fitzgerald to serve more than 14 months of the term. None of the remaining factors weigh either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Fitzgerald's supervised release, the court **DENIES without prejudice** Fitzgerald's motion for early termination. To be sure, the court is impressed with Fitzgerald's adherence to the conditions of supervised release, his positive attitude, and his commitment to success. But the court finds that is both in Fitzgerald's best interest and in the best interest of the community for him to continue to be supervised at this time.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: December 8, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.12.08 16:20:29 -05'00'

———————————————————

Michael F. Urbanski
Chief United States District Judge